*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF MILDRED LYLE, by CHERI LYLE
HUDNUT, Personal Representative,

      Plaintiff-Appellant,

and

MICHIGAN HEAD & SPINE INSTITUTE, PC,
and VHS OF MICHIGAN, INC.,

      Intervening Plaintiffs-Appellees,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, PROGRESSIVE
MICHIGAN INSURANCE COMPANY, WILLIE
FRANK WILLIAMS, and MOTOR CITY
TOWING SERVICE, INC.,

      Defendants-Appellees.

UNPUBLISHED
September 19, 2019

No. 343358
Wayne Circuit Court
LC No. 17-017579-NI

---

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*).

I concur in the result reached by my colleagues. Writing in dissent in *Lansing Schools Education Association v Lansing Board of Education*, 487 Mich 349; 792 NW2d 686 (2010), Justice Corrigan aptly observed that our current standing jurisprudence is a "broad and amorphous principle that promises to be nearly impossible to apply in a society that operates under the rule of law." *Id.* at 417 (CORRIGAN, J., dissenting); see also *Olsen v Jude & Reed, LLC*, 325 Mich App 170, 193 n 7; 924 NW2d 889 (2018). With that said, the majority faithfully sets out the standard crafted in that case, and I agree that the medical providers have met our current standard.

As for intervention, I do not agree that the medical providers have established grounds for permissive intervention under MCR 2.209(B). There is no suggestion that "a Michigan statute or court rule confers a conditional right to intervene," MCR 2.209(B)(1), and therefore the medical providers must rely on MCR 2.209(B)(2). Yet, the medical providers have not identified a specific, viable "claim or defense" of their own, and this is a necessary condition of permissive intervention under MCR 2.209(B)(2). I do agree with my colleagues, however, that the trial court did not abuse its discretion in granting intervention under MCR 2.209(A).

Accordingly, I concur in the judgment.


/s/ Brock A. Swartzle